# EXHIBIT A

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PEPI COMPANIES LLC, *et al.* | § | Case No. 20-60056 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

## DECLARATION OF DREW MCMANIGLE IN SUPPORT OF THE DEBTORS' APPLICATION TO MACCO RESTRUCTURING GROUP LLC AS FINANCIAL ADVISOR

I, Drew McManigle, declare and state under penalty of perjury as follows:

1. This Declaration is made in support of the Debtors' *Application to Employ MACCO Restructuring Group, LLC as Financial Advisor.*[1]

2. I am familiar with the matters set forth herein and, if called as a witness, I could and would testify as follows. Unless otherwise defined, all terms used in this declaration share the same meaning as those in the Application.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other MACCO professionals or learned from my review of other documents. To the extent any information disclosed here requires amendment or modification as additional information becomes available to MACCO, a supplemental declaration will be submitted.

---

[1] Capitalized terms used but not otherwise defined herein are intended to have the same meaning as defined in the Application.

4. I am the founder and Managing Director of MACCO, a financial advisory services company founded in July 2019 and provides services to middle market companies. For over twenty-five (25) years, I have provided operational leadership, business turnaround and bankruptcy services. Additionally, I have conduced complex litigation at the Federal, Bankruptcy, and State levels, including complex worldwide litigation. I have held roles such as chief restructuring officer, interim CEO, operating chapter 11 trustee, assignee and receiver (domestically and internationally) where I provided interim management, leadership and advice to companies in a variety of industries including Oil & Gas, Healthcare, Pharmaceuticals, Food Manufacturing, Defense Contracting, Consumer Products, and Hospitality, among others. In February, 2020, I was selected as one of six Title 11, subchapter v small business chapter 11 trustees appointed by the U.S. Department of Justice, Office of the United States Trustee for the Southern District of Texas, Houston Division. Accordingly, I possess the requisite expertise and background to handle matters that are likely to arise in these Bankruptcy

5. MACCO specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring. MACCO's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including developing or validating forecasts, business plans and related assessments of a business's strategic position; monitoring and managing cash, cash flow and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages. MACCO's employees have substantial experience in business restructuring and bankruptcy proceedings,

6. In addition, MACCO and I have become familiar with the Debtors' businesses, financial affairs, and capital structure. MACCO provided pre-petition services in assisting the Debtors in this case prepare their petitions, schedules, a budget and cashflow analysis, and closely worked with the Debtors' management and other professionals in preparing the myriad of requirements needed for companies preparing to file chapter 11 cases. MACCO and I have developed significant relevant experience and expertise regarding the Debtors and the unique circumstances of these cases.

### Services to be Provided

7. As more fully described in the Application, Order, and Engagement Letter, we will provide financial, accounting and related business restructuring advisory services to the Debtors to accomplish the reorganization goals of the Debtors, to the extent feasible. These services may include:

- Provide business and debt restructuring advice, including business strategy and other key elements of the business;

- Assist or prepare a weekly 13-week cash flow forecast and related financial and business models that can be utilized by management, the Board of Directors, and others to identify potential opportunities to enhance Debtors' liquidity;

- Work with Debtors and its team to further identify and implement both short-term and long-term liquidity generating initiatives;

- Assist in or directly implement cost containment procedures;

- Cancel, commit to, or renegotiate any and all contracts, whether existing or otherwise;

- Reorganization of assets as deemed appropriate;

- Negotiate with the Debtors' creditors, prospective purchasers, equity holders, equity committees, Chapter 11 Subchapter V Trustee, and all other parties-in-interest;

- Evaluate and make recommendations and decisions in connection with strategic alternatives to maximize the value of the Debtors estates;

- Assist the Debtors with managing the due diligence requests and other items that may be requested by its various constituents as part of the restructuring process;

- Coordinate with the Debtors' advisors, employees and management to ensure a cohesive strategy, approach and message developed and delivered to the key constituents throughout the restructuring process;

- Review inventory and other assets to determine its salability and to provide monetization alternatives;

- Supplement Schedules and Statement of Financial Affairs, if needed, and assist with preparation of the Monthly Operating Reports and other similar standard Chapter 11 administrative, financial and accounting reports required by the United States Bankruptcy Court as well as aiding in such areas as testimony, and assisting Debtors' counsel with finalizing of legal documentation related to litigation, such as exhibits or other aspects of Loans, as may be required;

- Provide expert testimony, as appropriate; and

- Provide other financial advisory services consistent with MACCO's role as financial advisor and/or as requested by the Client and agreed to by MACCO.

8. MACCO and I will not perform any services to the Debtors that are beyond the scope of the services as set forth in the Engagement Letter, the Order, or in this Declaration unless the Debtor first files notice of any Proposed Additional Services with the Court and receives authorization by the Court.

9. MACCO will also use its best efforts to coordinate with the Debtors and other retained professionals in order to prevent any duplicative services provided to the Debtors.

### Compensation

10. Pursuant to the Engagement Letter, MACCO received a retainer of $20,000.00 prior to commencement of services for post-petition services. MACCO may apply and fees and expenses incurred during these cases against the retainer. In accordance with Bankruptcy Rule 2016(b), MACCO has neither shared nor agreed to share (a) any compensation it has received or may receive with another party

or person or (b) any compensation another person or party has received or may receive.

11.     The compensation to be paid to MACCO shall be in accordance with normal billing practices for services rendered and out-of-pocket expenses incurred on the Debtors' behalf. The hourly rates for MACCO personnel are below:

| | |
|---|---|
| Managing Directors: | $525/hr. to $550/hr. |
| Directors: | $475/hr. to $525/hr. |
| Senior Financial Analysts: | $350/hr. to $475/hr. |
| Financial Analysts: | $175/hr. to $350/hr. |
| Administrative Staff: | $100/hr. to $200/hr. |
| Travel and Transit Time: | Lower of $225/hr. or Actual Billing Rate |

12.     To the extent that MACCO uses the services of independent third-party contractors or subcontractors, MACCO will not charge a markup to the Debtors with respect to fees billed by such contract employees who are hired by MACCO to provide services to the Debtors and shall ensure that any such contract employees are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

13.     MACCO, when seeking the reimbursement for any attorneys' fees and/or expenses, will provide the invoices and supporting time records for such attorneys in its fee applications and such invoices and time records will be in compliance with the Bankruptcy Local Rules, will be subject to the United States Trustee Guidelines and approval of the Court under the standards of Bankruptcy Code sections 220 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; *provide, however,* that MACCO shall not seek reimbursement from the Debtors' estates for any such fees incurred in defending any of MACCO's fee applications in these bankruptcy cases.

### Disinterestedness

14.   As of the Petition Date, MACCO was not owed any fees with respect to any invoices issued to the Debtors before their chapter 11 filings.

15.   Generally, MACCO and its professionals have connections through the Turnaround Management Association, and the American Bankruptcy Institute among other professional organizations including continuing education courses, professional conferences and/or social media through which they may have connections to the Office of the United States Trustee, judges, court staff, and other practitioners who may appear in this case, including my role as a subchapter v small business trustee, appointed to small business chapter 11 cases by the Office of the United States Trustee, who may appear in this case. However, except as set forth herein, the professionals of MACCO do not have any connection with the Debtors, any affiliates, their creditors , any other party in interest, the United States Trustee or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Southern District of Texas or any person employed in the offices of the same. MACCO is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) in that MACCO and its professional personnel:

   (a)   were not creditors, equity holders, or insiders of the Debtors prior to the Petition Date;

   (b)   are not and were not, within two-years (2) before the date of the filing of this case, directors, officers, or employees of the Debtors; and

   (c)   do not have an interest materially adverse to the interest of the Debtors' estates or of nay class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

### Connections

16. In connection with the proposed retention, MACCO was provided a list of the Debtors' creditors and other persons identified as parties-in-interest in the Debtors' Bankruptcy Cases. Based upon my review, at this time, and as set forth in further detail herein, I am not aware of any connection that would present a disqualifying conflict of interest.

17. MACCO will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. Should I or MACCO discover any new, relevant facts or connections bearing on the matters described herein during the period of MACCO's retention, I will used reasonable efforts to file promptly a supplemental declaration.

18. To the best of my knowledge, and except as provided herein, neither MACCO nor any of its professionals have any materially adverse connection to the Debtors, their creditors, or other relevant parties. MACCO may have relationships with certain of the Debtors' creditors as vendors or in connection with other cases in which MACCO provides or provided services.

19. MACCO has and will continue to work for companies in matters unrelated to these cases. In addition, in matters unrelated to this case, MACCO and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties-in-interest that may be involved in the Debtor's cases.

20. MACCO may also provide professional services to entities or persons that may be creditors or parties-in-interest in these, which services do not directly relate to, or have any direct connection with, these cases or the Debtors.

21. MACCO and its personnel in their individual capacities, regularly utilize the

services of law firms, investment banking and advisory firms, and financial advisors. Such firms engaged by MACCO or its personnel may appear in cases representing the debtors or parties-in-interest. Any engagements where such firms represent MACCO or its personnel in their individual capacities are unrelated to these cases.

22. Based on the foregoing, I believe that MACCO is a "disinterested person" as that term is defined in section 101(4) of the Bankruptcy Code, as modified by section 1107(b). Moreover, to the best of my knowledge and belief, neither MACCO nor any of its professionals hold or present any interest materially adverse to the Debtors' estates.

23. MACCO and I shall supplement the Declaration on at least a quarterly basis, and more frequently, as needed, to account for any additional interested parties and/or creditors being identified in the bankruptcy cases

The foregoing constitutes the state of MACCO pursuant to Bankruptcy Code sections 327(e), 329, and 504 and Bankruptcy Rules 2014(a) and 2016(b). Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: September 24, 2020

_____
Drew McManigle
Founder & Managing Director of
MACCO Restructuring Group, LLC