THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PEPI COMPANIES LLC, *et al.*,[1] | § | Case No. 20-60056 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**DEBTORS' EMERGENCY MOTION TO (I) PAY SECURED CREDITORS AND (II) APPROVE COMPROMISES WITH CERTAIN UNSECURED CREDITORS**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21-DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED, IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Pepi Companies LLC, (5547) Case No. 20-60056; Alonti Corporation LLC, (1737) Case No. 20-60058; Pepi Corporation (0055) Case No. 20-60057; Pepi Company of Illinois LLC(7973) Case No. 20-60060, and; Pepi Company of California LLC (9279) Case No. 20-60059.

TO THE HONORABLE CHRISTOPHER LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Pepi Companies LLC and its affiliates Alonti Corporation LLC, Pepi Corporation, Pepi Company of Illinois LLC and Pepi Company California LLC, (collectively, the "**Debtors**"), file this *Emergency Motion to Approve Compromises Between Debtors and Certain Unsecured Creditors Pursuant to Bankruptcy Rule 9019* (the "**Motion**") and would respectfully show the Court the following:

## SUMMARY

1. The Debtors hope to exit the bankruptcy process ahead of schedule. Under the Plan, payment to creditors following the Plan Period would not be made until next year.

2. The Debtors have negotiated substantial discounts with several general unsecured creditors in exchange for payment on their claims before the end of *this* calendar year.

3. As a prerequisite for paying these general unsecured creditors, the Debtors propose also to pay all remaining secured claims in full before the end of the calendar year.

4. The Debtors seek emergency consideration on or before **December 19, 2022,** to allow adequate time to process and deliver payments, should these compromises be approved.

## JURISDICTION AND VENUE

5. This Motion constitutes a "core proceeding" as defined in 28 U.S.C. § 157(b)(2). This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

6. On October 26, 2020, the Court entered a Confirmation Order [DE 105] which confirmed the Debtor's plan of reorganization (the "**Plan**").

7. The Plan's effective date was October 26, 2020 (the "**Effective Date**") with a 3-year plan period (the "**Plan Period**") beginning as of the Effective Date.

8. The Plan provides that the Debtors pay their disposable income to Class 1 and Class 2 claimants (*i.e.*, secured creditors). To the extent that there is disposable income remaining after the any secured claims have been fully satisfied, the Debtors would then make a distribution to Class 3, which is holders of an allowed general unsecured claims. Payments would be made at the end of the Plan Period, which would be after October 26, 2023.

9. The Debtors desire to exit bankruptcy prior to the end of the Plan Period. To facilitate that process, the Debtors asked certain unsecured creditors if they would accept a fixed, discounted payment on their claims by the end of this calendar year, rather than waiting until the end of next year. Several agreed.

10. The Debtors, in their business judgment, believe that the Debtors have sufficient resources to make these payments without adversely impacting operations, and on the contrary, these reductions in claims amounts benefit the Debtors and other creditor substantially. The Debtors anticipate that resolution of these claims will make it easier for the Debtors to accomplish their goal of exiting bankruptcy earlier than contemplated under the confirmed Plan.

## **SECURED CREDITORS**

11. The Debtors' secured creditors are Amegy Bank, which is owed $1,656,017.10 across its several claims, and Al Pepi, Jr., as DIP lender, who is owed $504,446.10.[2]

12. The Debtors' other scheduled and filed secured claims, which related to taxing authorities, have been previously paid in the case and the Debtors are current on their taxes. Similarly, priority claims consisted of wages and critical vendor amounts owed which have been satisfied.

13. The Debtors seek to repay the outstanding secured notes. The Debtors have determined in their business judgment that the cash required for this payoff is in the Debtors' best

---

[2] Exact amounts may vary based on the date of payment, accrual of interest and credit for past payments.

interest (a) to eliminate future interest payments, (b) facilitate payment on compromises with general unsecured creditors; and (c) advance further toward the Debtors' goal of exiting bankruptcy early.

## PROPOSED COMPROMISE ON UNSECURED CLAIMS

14. The holders of certain unsecured claims agreed to amounts lower than the face value of their claims in exchange for payment this year, rather than at the end of the Plan Period. These are:

| *Claimant* | *Discounted Amount* |
|---|---|
| Briarwood Baytown Ltd. | $160,000.00 |
| Gowan Inc. | $8,200.00 |
| Leco Broadway 410, LLC | $20,000.00 |
| First Story Road, LLC | $1,567.64 |
| ITF MP Sorrento Mesa LLC | $16,336.10 |
| Ki Sang Song | $22,825.82 |
| Higgins Grove Plaza LLC | $9,500.00 |

15. These proposed discounted payment amounts represent individually negotiated discounts from the face value of the claims ranging up to 75%. In each case, it is a substantial cash savings for the Debtors as compared with a potentially larger future payout under the Plan.

16. The Debtors seek approval of the form of stipulation memorializing these settlement that appears at **Exhibit A**.

## AUTHORITY

17. Section 105 of the Bankruptcy Code permits a bankruptcy court to enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. Included within § 105 is the authority to approve the proposed compromise.

18. Bankruptcy Rule 9019 gives the Court the discretion to approve compromises of controversies and claims. *See Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *Continental Airlines, Inc. v. Air Line Pilots' Ass'n Int'l, (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990); *In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984).

19. Congress explicitly provided mechanisms in the Bankruptcy Code to encourage compromises. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. Rev. 1993)).

20. Bankruptcy Rule 9019 governs the procedural requirements to be followed before a compromise may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the [debtor] and after notice and a hearing, the court may approve a compromise and settlement." FED. R. BANKR. P. 9019(a). Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

21. Approval of a settlement is left to the sound discretion of the reviewing court. *See, e.g., In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (noting that courts should exercise their discretion "in light of the general public policy favoring settlements"). The burden of establishing the fairness of a compromise rests on the proponent(s) of the compromise; however, a debtor is not required to present a full mini-trial or evidentiary hearing to adjudicate the issues being settled. Rather, when determining whether to approve a compromise, the court "is not to decide the numerous questions of law and fact raised" by the compromise but is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (internal citations omitted); *In re Mirant Corp.*, 348 B.R. 725, 743 (Bankr. N.D. Tex. 2006).

22. A post-effective date settlement may be approved under the same standards applicable to a pre-effective date settlement. *Mirant Corp.,* 348 B.R. at 738 (discussing the standard for approval of a proposed settlement after a plan was confirmed). As such, a bankruptcy court should approve a compromise under Rule 9019 if it is fair and equitable and in the best interest of the bankruptcy estate. *Id.*; *see Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir.1980).

23. In the context of a plan of reorganization, a compromise that involves the payment of a "junior interest" is only fair and equitable if any "senior interest" have already been fully satisfied. *Mirant Corp.,* 348 B.R. at 738-739. Here, the senior interest are the secured claims which will be satisfied in full. Accordingly, the proposed compromise is "fair and equitable". *Id.* at 739.

24. The Debtors believe that satisfaction of the secured claims and of the general unsecured claims at these discounts are in the best interest of the Debtors and creditors in these cases.

## PRAYER

WHEREFORE, the Debtors respectfully request that this Court issue an order substantially in the form attached hereto and grant such other and further relief as this Court deems just and proper.

Dated: December 7, 2022               Respectfully submitted,

**JONES MURRAY LLP**
*/s/ Christopher R. Murray*
Christopher Murray
Texas Bar No. 24081057
chris@jonesmurray.com
Jacqueline Q. Chiba
Texas Bar. No. 24116899
jackie@jonesmurray.com
602 Sawyer St., Suite 400
Houston, TX 77007
Tel. (832) 529-1999
Fax. (832) 529-3393
**COUNSEL FOR THE DEBTORS**

**EXHIBIT A**

**CLAIM STIPULATION**

The Debtors (defined below) and [CREDITOR], for itself and its affiliates, assignees, employees, successors, agents, and representatives (the "**Claimant**") hereby stipulate and agree as follows:

**WHEREAS**, Pepi Companies LLC, Alonti Corporation LLC, Pepi Corporation, Pepi Company of Illinois LLC and Pepi Company of California LLC (the "**Debtors**") filed voluntary bankruptcy petitions on September 24, 2020, under subchapter V of chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") in cases jointly administered under case number 20-60056 (the "**Case**");

**WHEREAS**, the Bankruptcy Court confirmed the Debtors' Plan of Reorganization on October 26, 2020 (the "**Plan**") [DE 105], and such Plan calls for distributions following a three-year period in amounts to be determined as set forth in the Plan;

**WHEREAS**, in their Schedules of Assets and Liabilities, filed in the Case, the Debtors acknowledged a prepetition obligation to [CREDITOR] that is not disputed or the [CREDITOR] has asserted amounts owed in a proof of claim (the "**Claim**"); and

**WHEREAS** the parties seek to resolve the Claim earlier than anticipated by the Plan;

**NOW, THEREFORE**, for good and valuable consideration:

1. Debtors shall pay Claimant $[SETTLEMENT AMOUNT] in good funds on or before December 31, 2022, in full satisfaction of the Claim;

2. Upon receipt of the payment described in paragraph 2, the Debtors and the Claimant shall release each other, and each other's owners, affiliates, members, assignees, employees, successors, agents, representatives, and officers from any and all claims related to the Case, including, without limitation, any claims for payments under the Plan.

3. This Claim Stipulation is in all respects subject to Bankruptcy Court approval, and the Bankruptcy Court shall have jurisdiction over all aspects hereof;

| The Debtors | The Claimant |
|---|---|
| _____ | _____ |
| By: _____ | By: _____ |
| Title: _____ | Title: _____ |
| Date: _____ | Date: _____ |